**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.
_____

CAROLYN BURDIC,
ADAM DONAHUE,
ELIZABETH GARD,
ANTHONY SCOTT,
KIMBERLY SCOTT,
MICHAEL STRUCKHOFF,
JULIANNE SHOUN,
MATTHEW SMITH,
MICHAEL TAPLIN,
VALARIE VALDEZ, and
JOHN AND JANE DOE, 1-800.


Individually, and on Behalf of Others Similarly Situated,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO, and TED MINK, in his official capacity as Sherriff of Jefferson County, Colorado.

    Defendants.
_____

**COMPLAINT AND JURY DEMAND**
_____

COME NOW the Plaintiffs, for and on behalf of themselves and other persons similarly situated, and through their counsel, Elkus Sisson & Rosenstein, P.C. and McNamara Roseman & Kazmierski LLP, allege as follows for their Complaint and Jury Demand against the above-named Defendants:

1

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves as individual plaintiffs, and in addition, as representatives of others similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they received at rates less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*

2. Plaintiffs further complain on behalf of themselves as individual plaintiffs, and as representatives of a class of others similarly situated, current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to entitled to unpaid wages from Defendants for work which they performed and for which they did not receive the compensation that was promised to them by Sherriff Ted Mink and the Jefferson County Sherriff's Office.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b) which authorizes this representative action.

4. The acts complained of herein were committed, or had their principal effect, within the District of Colorado, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiffs are residents of the State of Colorado. At all times relevant to the allegations herein, Plaintiffs were employees of Defendants, The Board of County Commissioners of Jefferson County, Colorado and Ted Mink, in his official capacity as Sherriff of Jefferson County, Colorado (collectively "Defendants"). A complete listing of Plaintiffs, along with their respective addresses, is attached hereto as **Exhibit 1**.

6. Defendant Board of County Commissioners of Jefferson County, Colorado is governed by a three (3) member Board of County Commissioners. The Board of County Commissioners are elected at large for a four (4) year term.

7. Defendant Ted Mink is the Sheriff for Jefferson County, State of Colorado. Sheriff Mink was appointed by the Board of County Commissioners on July 9, 2003. In his position as Sheriff, Sheriff Mink is responsible for setting salaries and wages of the employees, sworn and civilian, of the Jefferson County Sheriff's Department.

8. Defendant Board of County Commissioners of Jefferson County, Colorado and Defendant Sheriff Mink (collectively "Defendants") are considered an employer within the meanings set forth and applicable to federal law, and was, at all times relevant to allegations in this Complaint, Plaintiffs' employer.

9. Defendants are an employer covered by the Fair Labor Standards Act.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims both individually and as a collective action on behalf of all person who are or were formerly employed by Defendants at any time since January 1, 2010 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the

FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 300 to800 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

13. A collective action pursuant to the FLSA, 29 U.S.C. § 216(b) is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

14. Common questions of law and fact exist as to all FLSA class members and predominate over any questions solely affecting individual FLSA class members.
Among the questions of law and fact common to Plaintiffs and the FLSA class are, inter alia:

    a. Whether the work performed by Plaintiffs and the FLSA Class is compensable under the FLSA;

b. Whether the Defendants employed the Collective Action members within the meaning of the FLSA;

c. Whether Defendants failed to pay Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

d. Whether Defendants failed to pay non-exempt overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek;

e. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees; and

g. The nature and extent of FLSA class-wide injury and the measure of damages for the injury.

15. No difficulties are likely to be encountered in the management of this representative action that would preclude its maintenance as a representative action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17. Plaintiffs bring their breach of contract and promissory estoppel claims on behalf of all individuals who were employed by Defendants at any time since January 1, 2010 to the

entry of judgment in this case (the "Class Action Period"), who were employees within the meaning of the FLSA and who were **not** paid either the salary or hourly rate represented to them for the hours they worked during the Class Action Period.

18. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently with the sole control of the Defendants, upon information and belief, there are approximately between 300 and800 members of the Class (hereinafter "Class") during the Class Period.

19. The claims of the Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against these Defendants.

20. The named Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

21. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

22. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether Defendants failed to pay the Class Action Members from January 1, 2010 to present the salaries and hourly rates that Defendant Sheriff Mink set pursuant to the Jefferson County Sheriff's Office Salary Schedule and represented to Plaintiffs they would be paid if they fulfilled their job duties and worked required hours;

   b. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees; and

   c. The nature and extent of the class-wide injury and the measure of damages for the injury.

## FACTUAL ALLEGATIONS

23. Plaintiffs repeat and reallege all previous paragraphs of their Complaint as though fully incorporated herein.

24. Defendants are the official "employers" of the Jefferson County Sheriff's Department, located in Jefferson County, Colorado.

25. The Jefferson County Sheriff's Department employs approximately 800 employees, sworn and civilian. Defendants are employers within the meaning of that term under the Fair Labor Standards Act.

26. Plaintiffs are employees or former employees of Jefferson County Sheriff's Department who worked at the Jefferson County Sheriff's Department facilities in Jefferson County, Colorado during the relevant limitations period.

27. Plaintiffs serve in a variety of different positions within the Jefferson County Sheriff's Department in a number of different departments, but primarily provide law enforcement or law enforcement related services to the community.

28. Sheriff Mink is responsible for setting salaries and wages of the employees, sworn and civilian, of the Jefferson County Sheriff's Department.

29. Pursuant to C.R.S. §30-2-106(1), Sheriff Mink has the authority to set the salaries and wages of deputies, subject to the approval of the Defendant Board of County

Commissioners. Such authority is also expressly set forth in a policy and procedure manual which is disseminated to all employees of the Jefferson County Sheriff's Department.

30. Sheriff Mink sets forth the salaries and wages for his employees in the form of a document entitled "Jefferson County Sheriff's Office Salary Schedule" (hereinafter Salary Schedule") which is posted at the beginning of each year on the Board for constant and continuous viewing. The Salary Schedule is also published electronically such that it is available each day throughout the year by all employees. *See* Salary Schedules for 2010, 2011, and 2012 attached hereto and incorporated by reference as **Exhibit 2**. At all times relevant, when Plaintiffs were being recruited by the Sheriff, and during the academy, the pay schedules as set forth in **Exhibit 2** were provided to prospective deputies by the Sheriff and others acting at his direction, in order to entice them to enter into employment with the Sheriff Department.

31. Plaintiffs were not compensated in accordance with the representations made by Sheriff Mink for the years 2010, 2011 and 2012. In other words, the salary or hourly rate reflected on the Salary Schedule is not the amount that Plaintiffs received for the years 2010, 2011 and 2012.

32. Plaintiffs justifiably relied on Sheriff Mink's representations concerning their salary and hourly rate for each calendar year.

33. Upon information and belief, Sheriff Mink did not revise or modify the Salary Schedules for 2010, 2011, and 2012 to reflect the salary or hourly rate that Plaintiffs' actually received.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
(Failure to Pay for All Time Worked – 29 U.S.C. § 201 et seq.; 29 U.S.C. §254)

34. Plaintiffs repeat and reallege all previous paragraphs of their Complaint as though fully incorporated herein. Plaintiffs bring this claim both individually and on behalf of others similarly situated.

35. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, Defendants are required to compensate employees at their regular rate of pay for all hours worked, and at one and a half times their regular rate of pay for time worked in excess of forty hours per week.

36. Defendants have failed to compensate Plaintiffs for all time worked at the represented salaries and wages consistent with the Salary Schedules published by Sheriff Mink.

37. As a result, Defendants failed to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek.

38. Plaintiffs only assert this claim as it relates to individuals that are considered non-exempt employees under the requirements of the FLSA.

39. Defendants' failure to pay wages earned and overtime to Plaintiffs was willful as Defendants knew such conduct was unlawful or showed reckless disregard for its obligations under the FLSA. Therefore, Plaintiffs are entitled to an award of liquidated damages.

### SECOND CLAIM FOR RELIEF
(Breach of Contract)

40. Plaintiffs repeat and reallege all previous paragraphs of their Complaint as though fully incorporated herein.

41. Plaintiffs entered into an employment contract with Defendants (hereinafter "Contract").

42. Under the terms and conditions of the Contract with Defendants, Defendants required Plaintiffs to perform a number of law enforcement duties or related law enforcement duties and work a certain number of hours.

43. In exchange, Defendant Mink represented to Plaintiffs that they would earn the salaries and wages reflected on the Salary Schedule for the years 2010, 2011 and 2011.

44. Defendants breached its contracts with Plaintiffs by failing to pay Plaintiffs the salaries and wages reflected on the Salary Schedule for the years 2010, 2011 and 2011.

45. As a direct proximate result and consequence of Defendants' material breaches of contract, Plaintiffs have and will continue to sustain substantial monetary damages in an amount to be proven at trial. Specifically, Plaintiffs have suffered monetary damages which are equal to the difference between the amounts reflected on the Salary Schedule for the years 2010, 2011 and 2012, the amounts Plaintiffs actually received, and interest on such amounts.

46. Plaintiffs have or continue to perform their obligations to Defendants under the Contract.

### THIRD CLAIM FOR RELIEF
(Promissory Estoppel)

47. Plaintiffs repeat and reallege all previous paragraphs of their Complaint as though fully incorporated herein.

48. That the Defendants' Policy and Procedure manual together with its Salary Schedule constituted a promise made by Defendants to the Plaintiffs.

49. That the Defendants expected or reasonably should have expected that the Plaintiffs' reliance on the promise.

50. That in reliance on the Defendants' promise, the Plaintiffs acted to fulfill the duties and responsibilities of their jobs and worked the required number of hours.

51. That justice requires enforcement of the Defendant's promise.

**WHEREFORE**, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing named Plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c. An award of unpaid overtime compensation due under the FLSA;

d. An award of the difference between the amounts reflected on the Salary Schedule for the years 2010, 2011 and 2012 and the amounts Plaintiffs actually received due under the breach of contract and promissory estoppel claims for relief;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

      f.     An award of prejudgment and post judgment interest;

      g.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      h.     Such other and further relief as this Court deems just and proper.

PLAINTIFFS DEMAND A JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted this 28th day of December, 2012.

ELKUS SISSON & ROSENSTEIN, P.C.

*s/Donald C. Sisson, Esq.*
Donald C. Sisson, Esq.
Reid J. Elkus, Esq.
Scott D. McLeod, Esq.
501 S. Cherry Street, Suite #920
Denver, Colorado 80246
(303) 567-7981
Fax: (303) 431-3753
Email: dsisson@elkusandsisson.com
relkus@elkusandsisson.com

McNAMARA ROSEMAN
& KAZMIERSKI LLP

*s/Mathew S. Shechter, Esq.*
Todd J. McNamara, Esq.
Mathew S. Shechter, Esq.
1640 East 18th Avenue
Denver, Colorado 80218
(303) 333-8700
Fax: (303) 331-6967
Email: tjm@18thavelaw.com
mss@18thavelaw.com

**Attorneys for Plaintiffs**