**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-CV-3362-WYD-MJW

BRANDON ALBERS, et al.,

Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO, and TED MINK, in his official capacity as Sheriff of Jefferson County,

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO**
**FED. R. CIV. P. 12(b)(6)**

---

Defendants Board of County Commissioners of Jefferson County, Colorado ("BCC") and Ted Mink, in his official capacity as Sheriff of Jefferson County ("Sheriff"), by and through counsel, the Jefferson County Attorney's Office and Assistant County Attorney Patricia W. Gilbert, respectfully submit this Motion to Dismiss Plaintiffs' sole FLSA claim against them in their Complaint.[1] In support of this Motion to Dismiss, Defendants state as follows:

### I.   OVERVIEW

Defendants move to dismiss Plaintiffs' Complaint because the BCC has exclusive power to adopt the budget for all County operations, including the Jefferson County Sheriff's Office, and Plaintiffs failed to allege that the BCC adopted annual budgets to fund the wages which

---

[1] For purposes of this Motion, the term "Complaint" shall refer to Plaintiffs' Second Amended Complaint and Jury Demand (docket no. 16, filed March 7, 2013).

Plaintiffs claim were promised.[2]  Plaintiffs are current and former employees of the Sheriff's Office who allege that Defendants violated the Fair Labor Standards Act ("FLSA") by not using the wage rates allegedly promised by the Sheriff in calculating their regular and overtime wages. Compl. ¶¶ 19, 23, 29, 30, & Ex. 2.  Plaintiffs allege that the Sheriff promised them certain salaries set forth in proposed salary schedules for 2010, 2011, and 2012, which are attached to Plaintiffs' Complaint.  Compl. ¶ 23 & Ex. 2.  Those proposed salary schedules for 2011 and 2012 state at the top of each page "implementation contingent on budgetary funding."  Compl. Ex. 2.  However, the BCC never approved annual budgets sufficient to fund the proposed salary schedules and there is no such allegation in Plaintiffs' Complaint.

Pursuant to Colo. Rev. Stat. § 30-11-107(2)(a), the BCC has exclusive authority to make final budget determinations and adopt the County's annual budget.  The BCC's decisions are binding on all elected County officials, including the Sheriff.  Therefore, the Sheriff's alleged promise to pay salaries is not binding or enforceable without the BCC's approval of an annual budget to fund those salaries.  In addition, pursuant to Colo. Rev. Stat. § 30-2-106(1), the salaries of deputy sheriffs are "fixed by the sheriff, *with the approval of the board of county commissioners.*"  Id. (emphasis added).  Because Plaintiffs have not alleged (and there is no evidence to support) that the BCC approved the proposed salary schedules and adopted annual budgets to fund those salaries, there is no binding promise to pay the allegedly promised wages. Plaintiffs have failed to allege the necessary facts to establish an enforceable promise to pay

---

[2] Because this issue is raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendants rely on the absence of a necessary factual allegation.  However, as background, Defendants note that the BCC's budgetary decisions are made in public meetings and are public record.  The BCC's annual budgets are also public record.  According to the public records, the BCC did not adopt annual budgets sufficient to fund the salary increases contained in the Sheriff's Office proposed salary schedules for 2010, 2011, or 2012.

wages at a different rate from what they actually received, and therefore, Plaintiffs have not stated a plausible claim that Defendants violated the FLSA. Accordingly, Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     BACKGROUND

For purposes of this motion, Defendants accept the factual allegations contained in Plaintiffs' Complaint. Plaintiffs allege that they are current or former employees of both the BCC and the Sheriff. Compl. ¶¶ 5, 8, 10, 19.

The Sheriff is an elected Jefferson County official, who provides law enforcement services for Jefferson County. Colo. Rev. Stat. § 30-2-106(1) provides: "In all counties the salaries of the undersheriff and deputy sheriff shall be fixed by the sheriff, with the approval of the board of county commissioners." All deputy sheriffs serve at the will of the Sheriff. Colo. Rev. Stat. § 30-10-506.

Jefferson County is a governmental entity governed by a three-member board of county commissioners. Compl. ¶ 6. The County's powers are exercised by the BCC at public meetings. Colo. Rev. Stat. §§ 30-11-103; 30-11-107. Suits against Jefferson County are brought in the name of the BCC. Colo. Rev. Stat. § 30-11-105.

All local governments, including the County, are required to hold public hearings when considering the annual budget. Colo. Rev. Stat. § 29-1-108(1). Prior to adoption, the County's proposed budget is available for inspection and the public is notified of the hearing date for budget adoption. Colo. Rev. Stat. § 29-1-106(1). Each County spending agency, such as the Sheriff's Office, provides the BCC with a recommended budget for its operations. Colo. Rev. Stat. §§ 29-1-105; 30-11-107(2)(a).

The BCC has exclusive power to adopt the annual budget for all county operations, including the Sheriff's Office. Colo. Rev. Stat. § 30-11-107(2)(a). The County's budget is generally adopted by BCC resolution in November of the year before the budget year. The BCC held public meetings and adopted annual budgets for 2010, 2011, and 2012.

The Sheriff's Office has approximately 815 employees, approximately 550 are sworn deputy sheriffs (including command staff) and the remaining employees hold non-sworn, civilian positions. The named Plaintiffs are past and present employees of the Sheriff's Office for the time period beginning January 1, 2010 through the present. Compl. ¶¶ 5, 8, 10, 19.

Plaintiffs allege that the Sheriff sets the salaries for employees each year in documents titled "Jefferson County Sheriff's Office Salary Schedule," which are attached as Exhibit 2 to Plaintiffs' Complaint. Compl. ¶ 23 & Ex. 2. Plaintiffs' Complaint contains no allegation that the BCC approved of any of the salary schedules, and there is no record of any BCC decision approving the proposed salary schedules for 2010, 2011, or 2012.

Plaintiffs allege generally that the proposed salary schedules were posted "for constant and continuous viewing" and were published electronically. Compl. ¶ 23. Each page of the 2011 and 2012 proposed salary schedules contains underlined language at the top of each page: "implementation contingent on budgetary funding." Id. & Ex. 2. While Plaintiffs' Complaint contains the conclusory allegation that "Plaintiffs justifiably relied" on the Salary Schedules (Compl. ¶ 25), there are no factual allegations stating what actions Plaintiffs took in reliance on the proposed salary schedules.

The proposed salary schedules do not list employee names, but only position titles and steps. Compl. ¶ 23 & Ex. 2. There is no allegation describing how to determine each employee's allegedly promised wage rate using the proposed salary schedules.

Plaintiffs allege that they were not paid in accordance with the salaries set forth in the 2010, 2011, and 2012 proposed salary schedules. Compl. ¶ 24. Over the course of three years, Plaintiffs continually received and accepted allegedly incorrect paychecks. Plaintiffs' Complaint contains no allegation that they protested their paychecks or otherwise notified Defendants that they were not being paid the allegedly promised wages set forth in the proposed salary schedules.

While not specifically alleged in Plaintiffs' Complaint, it appears, based on Plaintiffs' alleged claim for relief, that the proposed salary schedules provided higher salaries than what Plaintiffs actually received in their bimonthly paychecks. Plaintiffs have not alleged that the BCC approved a budget to fund the proposed salary schedules for 2010, 2011, or 2012.[3]

Plaintiffs assert one collective action claim that Defendants violated the FLSA by not paying them the allegedly promised wage rate. Plaintiffs' Complaint contains no factual allegation that they worked additional, uncompensated hours. Plaintiffs' FLSA claim is based on the allegation that "Defendants have failed to compensate Plaintiffs for all time worked at the represented salaries" and "[a]s a result, Defendants failed to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek." Compl. ¶¶ 29-30.

### III.   ARGUMENT

**A.   Standard of Review.**

To survive a Motion to Dismiss, the burden is on Plaintiffs to allege sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1959 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). Here, Plaintiffs have not met this standard because necessary facts are completely missing from Plaintiffs' Complaint. Under Colorado law, a sheriff's promise to pay wages is not valid or enforceable unless the BCC has approved funding for such wages in its annual budget. Plaintiffs' Complaint contains no allegation that the BCC adopted annual budgets to fund the salary schedules for 2010, 2011 or 2012. In addition, under Colorado law, for deputy sheriffs, the sheriff sets salaries "with the approval of" the BCC. Colo. Rev. Stat. § 30-2-106(1). Plaintiffs' Complaint contains no allegation that the BCC approved the proposed salary schedules for 2010, 2011, and 2012. Without these allegations, Plaintiffs cannot establish any enforceable promise or valid agreement to pay the allegedly promised rate, and therefore, have no plausible claim that Defendants violated the FLSA when that rate was not used to pay Plaintiffs' overtime and regular wages.

**B.   Plaintiffs Have Not Alleged, and Cannot Prove, that the BCC Adopted a Budget to Fund the Allegedly Promised Salaries.**

Under Colorado law, the BCC has exclusive power over budget and funding decisions involving all county operations, including the Sheriff's Office. Colo. Rev. Stat. § 30-11-

---

[3] Defendants note that the Sheriff sought funding from the BCC to implement the salary schedules for 2010, 2011 and 2012. However, the BCC did not include such funding in any of the 2010, 2011, or 2012 annual budgets. These facts are provided as background and are supported by public records.

107(2)(a); James v. Fenske, No. 10-cv-02591-WJM-CBS, 2012 WL 694351, at *1 (D. Colo. Mar. 1, 2012). The BCC's budget determinations are binding on the Sheriff. Id. Colo. Rev. Stat. § 30-11-107(2)(a) provides:

> [T]he board of county commissioners of each county has exclusive power to adopt the annual budget for the operation of the county government, including all offices, departments, boards, commissions, other spending agencies of the county government, and other agencies which are funded in whole or in part by county appropriations. All such entities shall make appropriate budget recommendations each year to the board of county commissioners for the operation of their respective offices; but the final budget determination of each board of county commissioners shall be binding upon each of the respective offices, departments, boards, commissions, other spending agencies of the county government, and other agencies which are funded in whole or in part by county appropriations.

Colorado law therefore grants the BCC exclusive budgetary power to annually approve funds for all County operations, including the salaries of all Sheriff's Office employees. In Tihonovich v. Williams, 196 Colo. 144, 582 P.2d 1051, 1054 (Colo. 1978), the Colorado Supreme Court held that the board of county commissioners performs a legislative function in approving an annual budget and the board's decision is entitled to "great deference." "The approval of the board of county commissioners is a discretionary power, not a ministerial duty to rubberstamp a county officer's decision." Id. at 1053. See also Wadlow v. Kanaly, 182 Colo. 115, 511 P.2d 484, 487 (Colo. 1973) ("To hold that the heads of the various county departments had the authority to set salaries of their employees not prescribed by statute, unless clearly exorbitant, would be to seriously compound the problems faced by the Commissioners in adopting a balanced budget.").

Plaintiffs' alleged promise to pay or contract to pay is subject to Colorado law governing county entities. See Keeling v. City of Grand Junction, 689 P.2d 679, 680 (Colo. App. 1984) ("The existing law at the time and place of the making of the contract . . . becomes part of the contract."); Seeley v. Board of County Com'rs for La Plata County, 791 P.2d 696, 701 (Colo.

1990) ("A party cannot state a claim for relief under a theory of estoppel against a state or local government entity on the basis of an unauthorized action or promise."). Plaintiffs allege that the Sheriff promised them wage rates based on the proposed salary schedules. Compl. ¶ 23-24. However, under Colorado law, a county sheriff's promise to pay salaries is not valid or enforceable unless the board of county commissioners has taken legislative action to approve an annual budget to fund those salaries. Plaintiffs have not alleged that the BCC approved annual budgets sufficient to fund the proposed Sheriff's Office salary schedules for 2010, 2011, or 2012.

In Johnson v. Board of County Comm'rs of Eagle County, 676 P.2d 1263, 1265 (Colo. App. 1984), the court rejected Plaintiffs' claims that they were entitled to monetary overtime compensation as promised by the sheriff. "Whatever representations the sheriff made thereafter to his deputies and clerks regarding cash compensation for overtime were made on his own without the knowledge or approval of the board and, thus, are not binding on the county or the board." Id. Both the Tenth Circuit and the Colorado Court of Appeals have rejected Colorado public employees' claims seeking compensation under similar circumstances, holding that public employees have no enforceable right to certain salaries or benefits if the governing entity has not taken legislative action to adopt such salaries or benefits. See, e.g., Schulz v. City of Longmont, 465 F.3d 433 (10th Cir. 2006); Keeling v. City of Grand Junction, 689 P.2d at 680-81. In Schulz, city police and firefighters brought breach of contract and promissory estoppel claims against the city, alleging that they were entitled to annual step increases which were rescinded when the City Council adopted a budget containing a wage freeze. Schulz, 465 F.3d at 433. The Tenth Circuit rejected plaintiffs' argument that they reasonably relied on city employees' promises of pay increases and found that plaintiffs had no legally cognizable expectation of

receiving salary increases.  Id. at 441.  In Keeling, the Colorado Court of Appeals rejected police and firefighters' claims that they were entitled to payments under an educational incentive pay program that the City Council had replaced with a different pay plan.  Keeling, 689 P.2d at 680-81.

These cases establish that Colorado government employees have no legitimate claim for wages unless the governing entity, here the BCC, has adopted an annual budget sufficient to pay those wages.  In this case, the facts are even more compelling because the 2011 and 2012 salary schedules state specifically at the top of every page, "implementation contingent on budgetary funding."[4]  Compl. Ex. 2.  Consequently, any contract or promise to pay the wage rates set forth in the schedules was contingent on the BCC's approval of annual budgets to fund those salary schedules.  Without an allegation that the BCC approved a budget to fund the 2010, 2011, and 2012 proposed salary schedules, Plaintiffs have not alleged the facts necessary to establish that they were legally entitled to the "promised" wage rates.  Accordingly, Plaintiffs have not stated a plausible claim that Defendants violated the FLSA by failing to pay regular and overtime wages at the "promised" rate.  See Iqbal, 129 S.Ct. at 1959; Twombly, 127 S.Ct. at 1974.  Accordingly, Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

---

[4]  The copy of the 2010 salary schedule attached to Plaintiffs' Complaint does not contain such language.  For purposes of this motion, Defendants are not raising a factual dispute, but note that the 2010 schedule was amended in 2010 to add that language.

### C. Plaintiffs Have Not Alleged that the BCC Approved the Salaries for Deputy Sheriffs.

There is a second applicable statute which requires the BCC to approve salaries set by the Sheriff. Colo. Rev. Stat. § 30-2-106(1) provides that deputy sheriff salaries "shall be fixed by the sheriff *with the approval of the board of county commissioners*." (emphasis added). Here, Plaintiffs' Complaint contains no allegation that the BCC approved the salaries set forth in the 2010, 2011, or 2012 proposed salary schedules. Because Colorado law requires BCC approval and no such approval is alleged, Plaintiffs have failed to allege a valid and binding promise to pay the salaries for deputy sheriffs as set forth in the proposed salary schedules. Accordingly, Plaintiffs have not stated a plausible claim that Defendants violated the FLSA by not paying wages in accordance with salary schedules, and this Court should dismiss the FLSA claim asserted by Plaintiffs holding deputy sheriff positions, which includes most named Plaintiffs in this action.

### D. Plaintiffs Have Not Alleged Sufficient Fact to Establish An Enforceable Promise or Agreement to Pay Regular Wages at the Allegedly "Promised" Rate.

Plaintiffs allege that Defendants violated the FLSA by not using the "promised" wage rates as their "regular rate" in calculating their regular and overtime wages. Plaintiffs assert that they are entitled to the difference between what they were actually paid in regular and overtime wages and what they would have received as regular and overtime wages using the wage rates set forth in the proposed salary schedules. However, Plaintiffs have not alleged sufficient facts to state a plausible agreement or enforceable promise to pay the rates set forth in the proposed salary schedules for 2010, 2011 and 2012.

All deputy sheriffs serve at the will of the sheriff, and therefore, there is no contract of continued employment. Colo. Rev. Stat. § 30-10-506. For non-deputy positions, absent an express contract, employment is presumed to be at-will. Jaynes v. Centura Health Corp., 148 P.3d 241, 243 (Colo. App. 2006). As a matter of law, the written salary schedules could not create any contract of continued employment. Even if the salary schedules could create a contract, Plaintiffs have failed to allege that they continued their employment in reliance on the salary schedules for 2010, 2011, or 2012. While Plaintiffs allege that certain unnamed Plaintiffs were "enticed" to enter employment with the Sheriff's Office based on the salary schedules, Plaintiffs have not alleged that these allegedly "enticed" employees also continued employment in reliance on the salary schedules.

According to Plaintiffs' Complaint, Plaintiffs did not receive the allegedly promised wage rates in 2010, 2011, or 2012. Compl. ¶ 24. Plaintiffs' Complaint contains no allegation that Plaintiffs took any action or otherwise protested when they were not paid in accordance with the salary schedules over the course of three years. While Plaintiffs allege that they "justifiably relied on Sheriff Mink's representations," there are no facts supporting this conclusory allegation, and therefore, the allegation can be ignored under the Twombly standard. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012).

Under the FLSA, "[a]n employee's continuous employment is evidence of an implied agreement with the pay system of the employer." Holb v. City of Beaufort, Nos. 91-2068, 92-1427, 1993 WL 219806, at *5 (10th Cir. June 22, 1993). Although an employee can overcome this evidence by establishing that they protested the agreement, no such facts are alleged in Plaintiffs' Complaint. Brown v. City of Oklahoma, No. 93-6389, 1994 WL 721389, at *3 (10th

11

Cir. Dec. 23, 1994); see also Anderson v. Northeast Otolaryngology, P.C., No. 106CV-0037-DFH-TAB, 2006 WL 3487333 (S.D Ind. Dec. 1, 2006) (court ordered plaintiff to show cause why summary judgment should not be granted in favor of the employer where the employee received wages for over a year at a rate different from what plaintiff alleged she was promised). Plaintiffs' Complaint fails to allege sufficient facts to establish that there was any agreement or legally enforceable promise to pay at the allegedly promised rates set forth in the salary schedules for 2010, 2011, and 2012. Consequently, Plaintiffs have failed to state a plausible claim that Defendants violated the FLSA.

## IV.    CONCLUSION

This Court should dismiss all of Plaintiffs' claims because, under Colorado law, the BCC has exclusive budgetary power over all county elected officials' budgets, and deputies' salaries must be approved by the BCC. Plaintiffs have not, and cannot, allege that the BCC approved annual budgets to fund the proposed salary schedules for 2010, 2011, or 2012. With respect to deputy sheriffs, Plaintiffs have not alleged that the BCC approved the proposed salary schedules for 2010, 2011, or 2012. Plaintiffs' Complaint does not contain sufficient fact to establish that they are entitled to the wages allegedly promised by the Sheriff. Consequently, Plaintiffs have failed to state a plausible claim that Defendants violated the FLSA by failing to compensate them at the rates set forth in the proposed salary schedules for 2010, 2011, and 2012. Plaintiffs' Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 15th day of March, 2013.

        JEFFERSON COUNTY ATTORNEY
        ELLEN G. WAKEMAN

        */s/ Patricia W. Gilbert*
        _____
        Patricia W. Gilbert
        Assistant County Attorney
        100 Jefferson County Parkway, Suite 5500
        Golden, CO 80419
        Telephone: 303-271-8968
        Email: pgilbert@co.jefferson.co.us

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) was filed via the US District Court ECF Filing System this 15th day of March, 2013, which will send a true and correct copy to the following:

Donald C. Sisson, Esq.
Reid J. Elkus, Esq.
Elkus Sisson & Rosenstein P.C.
501 S. Cherry St., Ste. 920
Denver, CO 80246
Email: dsisson@elkusandsisson.com
Email: relkus@elkusandsisson.com

Todd J. McNamara, Esq.
Mathew S. Schecter, Esq.
McNamara Roseman & Kazmierski LLP
1640 East 18th Avenue
Denver, CO 80218
Email: mss@18thavelaw.com
Email: relkus@elkusandsisson.com

*/s/ Briana McCarten*
Briana McCarten, Paralegal