**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FILED
United States Court of Appeals
Tenth Circuit

**November 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

| | |
|---|---|
| BRANDON ALBERS; WILLIAM ALDEN; VITORIA AVERSA II; PAUL BACA; PHILIP BACA; DAVID BALDWIN; KERRI BARRICK; WESLEY BEALE; JOSHUA BEALES; RYAN BLANKENHEIM; KAREN BLISS; TODD BLISS; KEVIN BOST; CARL BOWER; DAVID BOYD; MARK BROTT; NOAH BRYANT; WILLIAM BURCHER; CAROLYN BURDIC; JOHN BUTLER; MARK BYBEE; HEATHER CARMOSINO; JERRY CHRACHOL; TED CLIFTON; MICHAEL DALY; JESSE DANIEL; GARRETT DAVIS; MANDY DAVIS; ADAM DONAHUE; CARLOS ENCINIAS; KELLY ENGLAND; JON EVERHART; ANDREW FEHRINGER; WENDY FEHRINGER; HOPE FERRIS; JOSHUA FINKLER; CHARLES GAINES; DIETER GALLEGOS; ELIZABETH GARD; RYAN GEERTS; GREG GOMPERT; BARBARA GROVER; JOHN HADY II; FREDERICK HAGGETT; JOSHUA HAMMACK; BRADLEY HERMAN; ROBERT HOGLUND; JAMES HOLLEY; SCOTT HOLLEY; JONATHAN HOLLOWAY; JOSEPH HOLLOWAY; WAYNE HOLVERSON; JENNIFER JONES; ERIC KEBLING; KEVIN KEHL; DANIEL KIM; MARK KLUTH; TAMMI KREBS; ROBERT KRELLE; TRACI KROUPA; MARKUS LIEBE; JEREMY MAYNS; JOEL | No. 14-1050 |

MAYNS; KEVIN MEYER; MEAGAN MILLIMAN; CHRISTOPHER MILNE; CRAIG NELSON; CHRISTOPHER PARENTE; BRANDON PAYNE; SAMUEL POLIZZOTTO; MICHAEL PRANGE; DANIEL REINERS; GREGORY ROEBUCK; LANCE SCHUL; ANTHONY SCOTT; KIMBERLY SCOTT; THOMAS SEAL; JAMES E. SHETTLER, JR.; JULIANNE SHOUN; ANDREW SIVETTS; MATTHEW SMITH; STEPHEN SPOUTZ; SCOTT STEPHENS; SYLVIA STERNWALD-DOULIK; BRAD STILES; MICHAEL STRUCKHOFF; JENNIFER SWARTZ; MICHAEL TAPLIN; IAN THOMPSON; VALERIE VALDEZ; CHRISTIAN VANBINSBERGEN; RYAN VEIRS; CURTIS WALDER; CHASE WALKER; ROSEMARIE WATSON; STEPHEN WILLDER; TIMOTHY WILLIAMS; JOHN AND JANE DOE, 1-800, individually, and on behalf of others similarly situated,

  Plaintiffs - Appellants,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO; TED MINK, in his official capacity as Sheriff of Jefferson County, Colorado,

  Defendants - Appellees.

_____

**Appeal from the United States District Court
for the Colorado
(D.C. No. 1:12-CV-03362-WYD-MJW)**

Donald C. Sisson, Elkus Sisson & Rosenstein, P.C. (Reid J. Elkus and Scott D. McLeod, Elkus Sisson & Rosenstein, P.C.; and Todd J. McNamara and Mathew S. Shechter, McNamara Roseman & Kazmierski, LLP, with him on the briefs), Denver, Colorado, for Appellants.

Patricia W. Gilbert, Assistant County Attorney (Ellen G. Wakeman, Jefferson County Attorney, with her on the brief), Golden, Colorado, for Appellees.

Before **HOLMES, BACHARACH,** and **McHUGH,** Circuit Judges.

**McHUGH**, Circuit Judge.

Current and former employees (Employees) of the Jefferson County Sheriff's Office (County) brought a collective action under the Fair Labor Standards Act (FLSA), alleging they were paid overtime at a lower rate than required by the statute during 2010, 2011, and 2012. The district court granted the County's motion to dismiss the Employees' Third Amended Complaint and the Employees filed a timely appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

This wage dispute between the Employees and the County stems from their disagreement about the proper calculation of overtime pay rates.[1] The FLSA provides that overtime work must be compensated at "one and one-half times" the employee's "regular rate" of pay. *See* 29 U.S.C. § 207. According to the Employees, the hourly wage rate (Actual Rate) from which the County calculated their overtime rate did not correspond to the higher hourly wage rates promised by the County in posted salary schedules (Promised Rate).[2] As a result, the Employees claim they were paid overtime compensation at a lower rate than statutorily required during 2010, 2011, and 2012. They therefore sued the County under § 216(b) of the FLSA for the difference between the overtime payments they actually received and the overtime they would have received if it had been calculated based on the Promised Rates. *See* 29 U.S.C. § 216(b) (providing a cause of action for unpaid overtime wages).[3]

---

[1] Because this appeal is from a motion to dismiss, we recite the facts as alleged in the Employees' complaint and in the light most favorable to them. *Cressman v. Thompson*, 719 F.3d 1139, 1141 (10th Cir. 2013).

[2] For clarity, throughout this opinion, we refer to the normal, non-overtime hourly pay rate the Employees actually received in their paycheck using the phrase "Actual Rate." In contrast, we use the phrase "Promised Rate" to refer to the non-overtime hourly pay rates contained in the posted salary schedules.

[3] The Employees also asserted various state-law claims, but voluntarily dismissed those claims.

The County moved to dismiss the Second Amended Complaint, arguing the Employees had failed to allege it had approved a budget incorporating the Promised Rates or facts demonstrating the existence of an enforceable promise to pay those rates. Rather than responding to the County's First Motion to Dismiss, the Employees conducted limited discovery and then filed a Third Amended Complaint. Except for the addition of factual allegations designed to address concerns raised in the First Motion to Dismiss, the Third Amended Complaint is essentially identical to the Second Amended Complaint. Upon the filing of the Third Amended Complaint, the district court dismissed the County's First Motion to Dismiss as moot. The County subsequently filed a Second Motion to Dismiss, arguing the Employees had failed to allege their "regular rates" of pay for the purposes of the FLSA were the Promised Rates (the regular rates argument), and reasserting the arguments raised in the First Motion to Dismiss.

The district court dismissed the Employees' Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held the Employees had failed to allege their "regular rates" of pay were the Promised Rates and therefore, they had not stated a claim for unpaid overtime. The district court also concluded the Employees' argument—that "regular rates" for the purposes of the FLSA can be established by mutual agreement—failed because by continuing to work for years at the lower Actual Rates, the Employees had modified any alleged agreement concerning the Promised Rates. The Employees timely appealed.

## II. DISCUSSION

On appeal, the Employees allege four grounds of error. First, they contend Rule 12(g)(2) of the Federal Rules of Civil Procedure barred the district court's consideration of the County's regular rates argument because the argument was not raised in the County's First Motion to Dismiss.[4] Second, the Employees assert the district court erred when it determined the Promised Rates were not the Employees' regular rates for purposes of the FLSA. Third, they claim disputed issues of fact precluded the district court's conclusion that the parties' conduct modified any alleged promise to pay the Employees at the Promised Rates. Finally, the Employees argue the district court abused its discretion when it denied them leave to amend their Third Amended Complaint.

For the reasons discussed below, we decline to decide whether the district court's consideration of the County's regular rates argument was in technical violation of Rule 12(g)(2), because any presumed procedural error was harmless. We therefore proceed to the merits and hold the Employees failed to state a claim upon which relief can be granted for unpaid overtime because, as a matter of law, their regular wage rate under the

---

[4] We reject the County's claim that it included its regular rate argument in its First Motion to Dismiss. The focus of the First Motion to Dismiss is on whether the Sheriff's alleged promise to pay the Promised Rates was enforceable. The County never cites to any provision of the FLSA in this section, and provides no legal argument as to the meaning of the statute's "regular rates" provision. In contrast, the County's Second Motion to Dismiss relies on the text of the FLSA, as well as case law interpreting that text, to argue an employee's "regular rate" constitutes the "hourly rate actually paid for the normal, non-overtime workweek." This regular rates argument was not raised in the First Motion to Dismiss.

FLSA is the Actual Rate they received in their paychecks and not the Promised Rate. Because we affirm the district court's dismissal of the complaint on the ground the regular rate under the FLSA is the Actual Rate, we do not consider whether the Employees' actions in continuing to work for the Actual Rates would have modified any alleged agreement to pay the Promised Rates. Finally, we hold the district court did not abuse its discretion when it denied the Employees leave to amend their Third Amended Complaint. Accordingly, we affirm.

### *A. Standard of Review*

"We review de novo the district court's granting of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013). To survive a motion to dismiss, a plaintiff "must plead facts sufficient 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "At the motion-to-dismiss stage, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Cressman v. Thompson*, 719 F.3d 1139, 1152 (10th Cir. 2013) (internal quotation marks omitted). We review a district court's denial of a motion to amend for abuse of discretion. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1086–87 (10th Cir. 2005).

### *B. Any Error in Considering the County's Regular*
### *Rates Argument Was Harmless*

According to the Employees, Rule 12(g)(2) precluded the district court from considering the County's regular rates argument.[5] Rule 12(b)(6) provides that a defense of failure to state a claim upon which relief can be granted may be raised by motion before a responsive pleading is filed. Fed. R. Civ. P. 12(b).[6] The County did just that by filing its First Motion to Dismiss instead of an Answer. In relevant part, Rule 12(g)(2) states, "Except as provided in Rule 12(h)(2) . . . a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was

---

[5] The district court rejected the Employees' Rule 12(g)(2) argument and considered the County's regular rates argument because it had dismissed the First Motion to Dismiss as moot following the filing of the Third Amended Complaint.

[6] Rule 12(b) of the Federal Rules of Civil Procedure provides:

(b) **How to Present Defenses.** Every defense to a claim of relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion.
        (1) lack of subject matter jurisdiction;
        (2) lack of personal jurisdiction;
        (3) improper venue;
        (4) insufficient process;
        (5) insufficient service of process;
        (6) failure to state a claim upon which relief can be granted; and
        (7) failure to join a party under Rule 19.
A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or motion.

available to the party but omitted from its earlier motion."[7] Accordingly, the Employees argue the County was precluded from raising a new theory supporting the defense of failure to state a claim in its Second Motion to Dismiss. But although Rule 12(g)(2) precludes successive motions under Rule 12, it is expressly subject to Rule 12(h)(2), which allows parties to raise certain defenses, including the failure to state a claim upon which relief may be granted, in any pleading allowed under Rule 7(a), by a motion for judgment on the pleadings under Rule 12(c), or at trial. The special status provided to a defense based on failure to state a claim by Rule 12(h)(2) is significant because under Rule 12(h)(1), a party waives any of the defenses listed in Rule 12(b)(2)–(5) if they are omitted from a prior Rule 12 motion. Fed. R. Civ. P. 12(h)(1).[8] Noticeably absent from

---

[7] Rule 12(g)(2) of the Federal Rules of Civil Procedure provides:

(g)(2) **Limitation on Further Motions.** Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

[8] Rule 12(h) of the federal Rules of Civil Procedure states, in relevant part:

(h) **Waiving and Preserving Certain Defenses.**
    (1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)-(5) by:
        (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); . . .
    (2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, . . . may be raised:
        (A) in any pleading allowed or ordered under Rule 7(a);
        (B) by a motion under Rule 12(c); or
        (C) at trial.

the list of defenses that are waived if not brought in an earlier Rule 12 motion, is the defense of failure to state a claim upon which relief can be granted set forth in Rule 12(b)(6). As a result, we have little trouble rejecting the Employees' argument that the County's failure to raise its regular rates argument in the First Motion to Dismiss constitutes a complete waiver.

However, district courts have struggled with the question of whether a party may raise a previously available argument in a successive motion to dismiss for failure to state a claim under Rule 12(b)(6) before first filing a responsive pleading. Rule 12(g)(2) is designed to avoid unnecessary delay at the pleading stage by encouraging "the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1384 (3d ed. 2014). Some courts strictly construe the rule's requirements and do not allow new arguments in successive motions to dismiss.[9] Other courts reason that a hyper-technical application of Rule 12(g)(2) would undermine the efficient resolution of disputes promoted by the Federal Rules. *See* Fed. R. Civ. P. 1 (stating the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of

---

[9] *See, e.g.*, *Oliver v. Roquet*, No. 2:13-1881, 2014 WL 4271628, at *2–3 (D.N.J. Aug. 28, 2014) (refusing to consider new arguments in a successive motion to dismiss after granting prior motion to dismiss in part); *Vinson v. Koch Foods of Ala., LLC*, No. 2:12-CV-1088-MEF, 2014 WL 2589697, at *3–4 (M.D. Ala. June 10, 2014) (same); *Limbright v. Hofmeister*, No. 5:09-cv-107-KSF, 2010 WL 1740905, at *1–3 (E.D. Ky. Apr. 27, 2010) (same).

every action and proceeding"); *see also In re Opus East, L.L.C.*, 480 B.R. 561, 570 (Bankr. D. Del. 2012) ("[A] hyper-technical interpretation of the rules resulting in disallowance of the Defendants' [successive] 12(b)(6) motion . . . would almost assuredly add time and delay because the Defendants will most likely raise the argument later."). This latter group of courts generally construes Rule 12(g)(2) as allowing district courts the discretion to consider successive motions to dismiss in the interest of efficient resolution of the case. *See F.T.C. v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 383–84 (D. Md. 2009) (collecting cases).

We are aware of only two federal circuit courts that have addressed the issue. The United States Court of Appeals for the Seventh Circuit did so in *Ennenga v. Starns*, 677 F.3d 766, 772–73 (7th Cir. 2012). There, the plaintiff brought claims of legal malpractice against the attorneys who drafted his late parents' trust agreement, initially premised upon a conflict-of-interest theory. *Id.* at 771. The defendants moved for dismissal, arguing the plaintiff had failed to state a claim for malpractice because neither the Illinois nor the Minnesota Rules of Professional Conduct prohibited the representation. *Id.* The district court granted the motion to dismiss, but with leave to amend. *Id.* In his amended complaint, the plaintiff alleged the attorneys had negligently drafted the trust agreement, thereby failing to effectuate his parents' testamentary intent. *Id.* The defendants again moved to dismiss, this time arguing the claim was untimely. *Id.* The plaintiff claimed Rule 12(g)(2) barred the defendants' successive motion to dismiss because the statute-of-limitations argument was available at the time of the first motion. *Id.* The district court

-11-

disagreed and dismissed the amended complaint as untimely under the applicable statute of limitations. *Id.*

On appeal, the Seventh Circuit acknowledged that Rule 12(g)(2) requires consolidation of Rule 12 motions, but nonetheless held the district court properly considered the timeliness argument. *Id.* at 772–73. Because Rule 12(h)(2) allows parties to bring the defense of failure to state a claim in post-answer motions or at trial, and Rule 12(h)(1) expressly exempts Rule 12(b)(6) motions from its waiver rule, the Seventh Circuit held, "Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." *Id.* at 773. Under this reading, the prohibition on successive motions in Rule 12(g)(2) is simply inapplicable to motions to dismiss for failure to state a claim made before a responsive pleading under Rule 12(b)(6).

The Seventh Circuit's approach has the advantage of allowing district courts to consider meritorious arguments in successive pre-pleading motions to dismiss. This in turn, allows district courts to resolve cases on their merits at the pleading stage in the interest of efficiency. But the court's reasoning fails to address the language from Rule 12(h)(2) that arguably limits a party to presenting those arguments in a pleading, a motion for judgment on the pleadings, or at trial. For that reason, we find the Seventh Circuit's approach problematic.

But we are persuaded by the reasoning of the United States Court of Appeals for the Third Circuit that we need not decide whether the district court here acted in technical compliance with Rule 12. In *Walzer v. Muriel Siebert & Co.*, the plaintiff brought claims

-12-

of breach of contract, breach of fiduciary duty, and fraud against his brokerage firm in state court. 447 F. App'x 377, 379 (3d Cir. 2011) (unpublished).[10] The brokerage firm filed a motion to compel arbitration based on a clause in the brokerage agreement, and the state court granted the motion. *Id.* The plaintiff then filed a separate federal suit, asserting his state-law claims, as well as federal securities fraud claims. *Id.* The brokerage firm moved to stay or dismiss the federal action, arguing it was barred by res judicata because the state court had already held the claims were covered by the arbitration clause. *Id.* The federal district court granted the motion to dismiss and the plaintiff appealed. *Id.* The circuit court affirmed the dismissal of the state law claims, but remanded for further proceedings on the federal securities claims. *Id.* On remand, defendants filed a motion to dismiss the remaining claims pursuant to Rule 12(b)(6), which the district court granted on the merits. *Id.* at 380. On appeal, the plaintiff argued the defendants' successive motion to dismiss was barred by Rule 12(g)(2). *Id.* at 384.

The Third Circuit declined to decide whether the district court "entertained defendants' motions in technical violation" of Rule 12(g)(2) because "any error in that regard would be harmless." *Id.* The court noted that even if the arguments could not be raised in a successive 12(b)(6) motion, they could have been brought as a motion for judgment on the pleadings pursuant to Rule 12(c), or at trial. *Id.* And because the district court had accepted the plaintiff's factual allegations as true, the Third Circuit reasoned "it

---

[10] Although *Walzer v. Muriel Siebert & Co.*, 447 F. App'x 377 (3d Cir. 2011), is unpublished, we consider its reasoning instructive.

-13-

is as though defendants had filed answers admitting those allegations and then filed their motions under Rule 12(c) rather than Rule 12(b)(6)." *Id.* According to the Third Circuit, requiring defendants "to take those additional steps would have served no practical purpose under the circumstances." *Id.* Therefore, it concluded any presumed procedural error was irrelevant to the decision on appeal. We find the Third Circuit's approach persuasive.

Applying that reasoning here, we decline to decide whether the district court's consideration of the County's regular rates argument was in error because any technical violation of Rule 12 did not affect the substantive rights of the parties. *See* 28 U.S.C. § 2111 ("On the hearing of any appeal . . . , the court shall give judgment after an examination of the record *without regard to errors or defects which do not affect the substantive rights of the* parties." (emphasis added)); *see also Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (explaining that 28 U.S.C. § 2111 "seeks to prevent appellate courts from becoming impregnable citadels of technicality" (internal quotation marks omitted)). As discussed, despite the County's failure to raise its regular rates argument in its First Motion to Dismiss, it could have presented the argument in a motion for judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2). Furthermore, when considering the County's regular rates argument, the district court properly accepted all facts alleged in the Third Amended Complaint as true. Thus, as the Third Circuit noted in *Walzer*, it is as if the County had filed an answer admitting all of the Employees' factual allegations and then filed its motion pursuant to Rule 12(c), instead of Rule 12(b)(6). And whether

-14-

the district court dismissed the complaint based on a motion under Rule 12(b)(6) or Rule 12(c) makes no difference for purposes of our review. Therefore, any procedural error that may have been committed would be harmless and does not prevent us from reaching the merits of the district court's decision.

### *C. The Employees' Regular Rates Were Those Actually Paid*

Having determined the district court's consideration of the County's successive 12(b)(6) motion was harmless even if erroneous, we turn our attention to the correctness of its decision dismissing the Third Amended Complaint. According to the Employees, "an employee's 'regular rate' [under the FLSA] is determined based upon the amount of wages *decided upon by the parties*." Aplt. Br. at 16 (emphasis in original). They further assert the County's posted salary schedules constituted an enforceable promise to pay the Employees at the higher Promised Rates. As such, they claim their "regular rates" for the purposes of the FLSA were the Promised Rates, not the Actual Rates they received in their paychecks. Based on that analysis, they contend the Third Amended Complaint adequately states a claim for unpaid overtime wages because it alleges the County calculated their overtime payments based on the lower Actual Rates, rather than the higher Promised Rates. The Employees' argument fails as a matter of law.

The purpose of the FLSA's overtime provisions is "to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost." *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446,

460 (1948). As such, the FLSA generally mandates that covered employers compensate their employees at overtime rates for work in excess of forty hours per week. 29 U.S.C. § 207(a)(1). As discussed, overtime work must be compensated "at a rate not less than one and one-half times the *regular rate* at which [the employee] is employed." *Id.* (emphasis added). "The proper determination of that [regular] rate is therefore of prime importance" in calculating the amount of overtime wages due. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). The FLSA defines "regular rate" as including "all remuneration for employment *paid to*, or on behalf of, the employee."[11] 29 U.S.C. § 207(e) (emphasis added). The Supreme Court has clarified that the regular rate is "the hourly rate *actually paid* for the normal, non-overtime workweek." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (emphasis added). Though terms of an employment contract are relevant to a regular rates inquiry, they "are not controlling, because the regular rate is an 'actual fact,' rather than 'an arbitrary label chosen by the parties.'" *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1305 (10th Cir. 2011) (quoting *Youngerman-Reynolds*, 325 U.S. at 424).

The Employees rely heavily on our decision in *Chavez* for the proposition that an employee's regular rate can be based on a bargained-for rate of pay, even when it was never paid to the employee. But the Employees' reliance on *Chavez* is misplaced. There,

---

[11] The statute carves out eight categories of remuneration that are excluded from the regular rate calculation. 29 U.S.C. § 207(e)(1)–(8). But these exclusions are not implicated in this case.

-16-

we considered the interaction between the terms of a collective bargaining agreement and the FLSA's overtime provisions. 630 F.3d at 1305. The collective bargaining agreement set forth a base pay rate and also provided for certain add-on payments such as hazard, shift differential, and firearms qualification pay. *Id.* These add-on payments were made as lump sum payments on a bi-weekly basis. *Id.* Because these add-on payments were actually received by the employees, we held they should be included in the calculation of the employees' regular rates. *Id.* at 1305–07. In doing so, we explained an employee's "regular rate may include more than just an employee's contractually-designated hourly wage *if the employee is, in fact, paid more than that hourly wage*." *Id.* at 1305 (emphasis added). We see nothing in *Chavez* to support the Employees' assertion that parties can contractually designate which payments will be counted toward an employee's regular rate for the purposes of the FLSA's overtime provisions, even if those payments are not actually made to the employee.[12]

In this case, the Employees allege they are entitled under the FLSA to overtime pay calculated from the higher Promised Rate they never received. As discussed, this position is contrary to law. Whatever other claims the Employees may have against the

---

[12] To the contrary, *Chavez* stands for the principle that not all payments actually received by the employee are necessarily part of the regular rate. The employees in *Chavez* also disputed the employer's decision not to include buy-back payments for paid sick and vacation time in the calculation of the regular rate. *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1305–06 (10th Cir. 2011). Although both types of buy-back payments were actually paid to the employees, this court held only the sick leave buy-back payments furthered the goals of the FLSA and therefore, only those payments should be included in the calculation of regular rates *Id.* at 1310–11.

County, the facts alleged do not state an FLSA claim for unpaid overtime. The FLSA is not an all-purpose vehicle to resolve wage disputes between employers and their employees. Rather, it provides a specific remedy based on the failure to pay overtime calculated from the employee's regular rate—the amount the employer actually paid the employee for non-overtime work. The allegations of the Third Amended Complaint do not set forth a violation of the FLSA. Accordingly, we hold the district court did not err when it dismissed the Third Amended Complaint for failure to state a claim upon which relief can be granted.

### D. *The District Court Did Not Abuse Its Discretion when It Denied the Employees Permission to Amend Their Complaint*

Finally, the Employees claim the district court abused its discretion when it denied them leave to amend their Third Amended Complaint. Under Rule 15, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dept. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). But this liberal policy is not without limits. Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed. R. Civ. P. 7(b)(1). "We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon*, 181 F.3d at 1186. For example, a bare request to amend

-18-

in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based. *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989); *Calderon*, 181 F.3d at 1185–87.

In the district court, the Employees did not formally move to amend their Third Amended Complaint. Rather, in a single sentence in their Response to the County's Second Motion to Dismiss, the Employees asserted, "Even assuming the Court determines that [the Employees] failed to set forth a plausible FLSA claim, the Court should grant [Employees] leave to file an amended complaint to cure any such deficiency." This request, unsupported by argument or a proposed Fourth Amended Complaint, was insufficient to notify the court and opposing counsel of the grounds for amendment. On appeal, the Employees assert the district court should have granted them leave to amend. But they again fail to specify the new factual allegations that would correct the defects in their Third Amended Complaint. Under these circumstances, the district court did not abuse its discretion in denying leave to amend.

### III. CONCLUSION

Irrespective of whether the district court committed a technical violation of Rule 12(g)(2) when it considered the County's successive 12(b)(6), it did not affect the substantial rights of the parties. Therefore, any presumed error was harmless. The Third Amended Complaint fails to state a claim upon which relief can be granted because the facts alleged indicate the County calculated overtime rates consistent with the

requirements of the FLSA. Finally, the district court did not abuse its discretion when it denied leave to amend the Third Amended Complaint. We therefore AFFIRM the decision of the district court.